David Lee KOWALSKI, Plaintiff,

v.

Terry L. STEWART, et al., Defendants.

No. CV02–1053PHX SRB (LOA).

United States District Court,
D. Arizona.

March 31, 2004.

David Lee Kowalski, Phoenix, AZ, pro se.

R. Elizabeth Teply, Esq., Office of the Attorney General, Phoenix, AZ, D. Thompson Slutes, Esq., Slutes, Sakrison & Hill PC, Tucson, AZ, for Defendants.

## ORDER

ANDERSON, United States Magistrate Judge.

This matter arises on Plaintiff's Motion to Compel filed January 14, 2004. (document # 91) Plaintiff requests an order compelling Defendants to respond to interrogatories and requests for production. Furthermore, Plaintiff asks that the Court set the Motion to Compel for oral argument. As an initial matter, the Court finds that the pleadings contain sufficient information upon which the Court can make its decision. The Court, therefore, will deny Plaintiff's request for oral argument.

### Background

On November 4, 2003, Plaintiff requested an extension of time for discovery. Plaintiff then wrote a five-page letter to Defendants' attorney regarding discovery disputes. (Plaintiff's Exh. A.) On December 5, 2003, Plaintiff wrote a second letter to Defendants' attorney because the first letter was allegedly ignored. (Plaintiff's Exh. B.) On December 12, 2003, this Court granted Plaintiff's Motion for Extension to File Discovery Disputes (document # 84) ordering that the parties shall file all discovery disputes on or before January 15, 2004. Thereafter, on January 14, 2004, Plaintiff filed the pending Motion to Compel.

Plaintiff asks this Court to order ˉDefendants to disclose a variety of documents and to provide answers to certain interrogatories.

Plaintiff contends this information is necessary to properly prosecute this case. The Court will address Plaintiff's motion below.

### Analysis

#### I. Legal Standard

Federal Rule of Civil Procedure 26 permits discovery of any relevant and non-privileged matter which "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26 also provides that discovery shall be limited if discovery is "unduly burdensome or expensive, taking into account the needs of the case [and other factors]." FED.R.CIV.P. 26(b)(1).

#### II. Defendant Stewart's Responses to Interrogatories

■ In his first interrogatory, Plaintiff requests Defendant Stewart's date of birth, social security number, and residential and office addresses. He states that he needs this information to avoid a time consuming search of public records. Stewart is no longer an employee of the Arizona Department of Corrections ("ADOC"). Releasing Stewart's personal information to an inmate would jeopardize his personal safety. Accordingly, Defendant Stewart is not compelled to answer interrogatory number one. In light of he Court's ruling, however, Defendants are ordered to submit Stewart's last known address under seal with the Clerk of the Court for purposes of service of a trial subpoena.

■ In his second interrogatory, Plaintiff requests information regarding Stewart's educational background, including degrees earned, and courses of study. Defendants argue this information should not be provided for security reasons and that it is irrelevant. However, Defendants have provided the educational background of Dr. O'Steen which undermines Defendants' security argument on Stewart and leaves only the issue of relevancy. In his complaint, Plaintiff alleges that Defendants have improperly denied him court ordered medical treatment for Hepatitis C. Plaintiff asserts that Stewart lacked the skill and knowledge to evaluate Plaintiff's medical grievance. Accordingly, Defendant Stewart's educational background is relevant

to Plaintiff's claims. Since Defendant Stewart likely received his specialized medical education, if any, after high school, Plaintiff's discovery request is overly broad in seeking all of Defendant Stewart's educational history. The Court, therefore, will order Defendant Stewart to disclose his educational background after high school.

█ In his fourth interrogatory, Plaintiff requests that Stewart disclose whether he has testified in a medical malpractice suit. Defendants respond that they do not know this information. Due to the nature of Stewart's former position at ADOC, he was likely named as a defendant in many lawsuits. The Court speculates that the reason Plaintiff is seeking this information is to obtain transcripts at his expense of Stewart's prior testimony in cases similar to Plaintiff's for impeachment purposes. Because Plaintiff has not sufficiently narrowed the interrogatory to cases similar to Plaintiff's for a specified, reasonable time frame, Defendant Stewart is not compelled to provide a more detailed response to interrogatory number four.

In interrogatory number five, Plaintiff requests all documentation concerning the injuries which he received. Defendant Stewart is no longer an employee of ADOC, and therefore, no longer has access to this information.

In interrogatory number six, Plaintiff requests information regarding meetings or hearings that were held by any committee or organization at which Plaintiff, or any occurrences at issue in this case, were discussed. Defendants answered that Stewart is not a medical provider and would not have knowledge of such meetings. Defendant Stewart cannot be compelled to disclose what he does not know. Moreover, Defendants have already disclosed a copy of Plaintiff's medical records. This request to compel a different answer is denied.

### III. Defendant Pratt's Responses to Interrogatories

In interrogatory number one, Plaintiff requests that Defendant Pratt disclose his date of birth, social security number, and home address. Defendants respond that this information is confidential. For the same reasons set forth in Section I, the Court will not compel Defendant Pratt to answer this interrogatory. Defendants are, however, ordered to submit Pratt's last known address under seal with the Clerk of the Court for purposes of service of a trial subpoena.

### IV. Defendant O'Steen's Responses to Interrogatories

In interrogatory number one, Plaintiff requests Defendant O'Steen to disclose his date of birth, social security number, and home address. Defendants respond that this information is confidential. For the same reasons set forth in Section I, the Court will not compel Defendant O'Steen to answer this interrogatory.

### V. Defendant Stewart's Responses to Request for Production of Documents

In his third request for production, Plaintiff requests the production of prisoner grievances filed against Defendants from 1990 to present. Defendants contend that the production of confidential prisoner complaints for the past 13 years is burdensome. Moreover, the documents are organized in chronological order and not by the name of the person by whom the complaint was made. Plaintiff argues this is important character evidence under the Federal Rules of Civil Procedure.

In *Holestine v. Terhune*, 2003 WL 23281594 (N.D.Cal. Nov.21, 2003), an inmate of Pelican Bay State Prison filed a civil rights action alleging a violation of the Eighth Amendment. *Id.* at *3. Plaintiff accused defendants of failing to prescribe interferon to treat Hepatitis C. *Id.* In a motion to compel, Plaintiff requested "all documents referring or relating to any and all complaints, grievances or reports made by any prisoner incarcerated at Pelican Bay State Prison against You [sic] and/or any Defendants, at any time from January 1, 1997 through December 31, 2002." *Id.* at *5. Plaintiff asserted that these complaints would prove that defendants were aware of deficiencies in prisoner medical care. *Id.* at *9. Defendants responded that prisoner grievances by other inmates lacked relevance and that their disclosure would

violate prisoner privacy. *Id.* Furthermore, the request included grievances unrelated to Hepatitis C treatment. *Id.* The district court held in *Holestine* that Plaintiff's discovery request exceeded the scope and relevance of Plaintiff's claims. *Id.* at *10. The court reasoned that Plaintiff failed to show the relevance of highly confidential documents. *Id.* The court used a balancing test to weigh the privacy rights of the inmates and found that this request was not justified. The district court denied the motion to compel without prejudice.

■ This Court agrees with Defendant's argument that photocopying, organizing, and taking adequate measures to ensure prisoner confidentiality for the previous thirteen years of prisoner complaints is unduly burdensome. Moreover, similar to *Holestine*, Plaintiff's request for all medical grievances exceeds the scope of this litigation by requesting all medical grievances from the past thirteen years, an unreasonable period of time, even those unrelated to Hepatitis C grievances. Defendants are not required to provide these documents and this request is denied.

■ In his fourth request for production, Plaintiff requests the production of any and all policies, directives, or instructions to staff regarding medical services administered to inmates. Defendants object to this request as overly broad and unduly burdensome. Without waiving their objection, Defendants provided Plaintiff a copy of Department Directive 1101, "Inmate Access to Health Care." This request for production pertains to relevant evidence which might support Plaintiff's claims. While the production of Directive 1101 may comply with Plaintiff's request in part, the Court orders Defendants to further comply with Plaintiff's request and to disclose policies, directives, or instructions to staff regarding medical services administered to inmates for the years 2000 to 2003.

In his fifth request for production, Plaintiff requests that Stewart provide copies of responses issued to grievances which Plaintiff filed with the ADOC. Because Plaintiff filed these grievances himself, he should posses the responses. Since Plaintiff has failed to explain why he needs documents he already has in his possession, the Court will not require Defendant Stewart to produce these documents.

In his seventh request for production, Plaintiff requests the document with the name of the person at the central office who ordered that Plaintiff's medication not be administered to him. Defendants states that no such document exists. Defendant Stewart cannot be compelled to produce a document that does not exist.

In his eighth request for production, Plaintiff requests the production of the address of former ADOC employee, Percy Howard. Howard is a former medical care provider. For security reasons, Defendants are not compelled to disclose the home addresses of former employees to past inmates. However, Defendants are ordered to submit Howard's last known address under seal with the Clerk of the Court. Plaintiff may then properly subpoena or serve Howard.

## VI. Defendant Pratt's Response to Request for Production of Documents

In his third request for production, Plaintiff requests all grievances, complaints, or other documents concerning the mistreatment of inmates by Defendants O'Steen, Howard, and Kennedy, and any memoranda, investigative file, or other documents created in response to such documents since January 1, 1990. For the same reasons set forth in part V, this request is overly broad and exceeds the scope of this litigation. Defendants are not compelled to produce such documents.

■ In his fourth request for production, Plaintiff requests any and all Hepatitis C treatment protocols which ADOC has used since January 1, 1990. Defendants respond that this request is vague, overly broad, and unduly burdensome. Without waiving their objection, Defendants state that they disclosed Directive 1101 to Plaintiff. This Court finds Plaintiff's request overly broad, but not vague. Therefore, Defendants are compelled to disclose all treatment protocols pertaining to Hepatitis C for the years 2000–2003.

## VII. Defendant O'Steen's Responses to Request for Production of Documents

In his third request for production, Plaintiff requests the production of any and all policies, directives, or instructions used to justify the denial of the Plaintiff's medication. Plaintiff has already sought the production of policies and manuals related to prisoner medical care. Defendant O'Steen is no longer an employee of ADOC and does not have access to such information. The Plaintiff further asks that Defendants stipulate that O'Steen relied on his own independent judgement if policies and directives are not produced to justify the denial of his medication. A stipulation of fact is not appropriate for a motion to compel. This request is denied.

In his fourth request for production, Plaintiff requests the production of any and all documents created by O'Steen in response to any and all grievances filed by Plaintiff from October 21, 2002, to the date of O'Steen's response concerning Plaintiff's medical care. Defendants have answered this request by stating that O'Steen did not prepare grievance documents. Furthermore, Defendants add that grievances were responded to at the prison level by the Facility Health Administrator. This Court finds that Defendants have responded adequately.

In his fifth request for production, Plaintiff requests the production of copies of any and all documents used in support of the sworn affidavit of January 14, 2002. Because this affidavit contains the opinion of Dr. O'Steen, as related to Plaintiff's medical condition, the Court finds it relevant. To the extent that this information has not been disclosed to Plaintiff, Defendants are ordered to provide all supporting documents related to O'Steen's affidavit of January 14, 2002.

In his sixth request for production, Plaintiff requests the production of any and all documents O'Steen provided to Dr. Saltzman before his December 19, 2001, recommendation Defendants respond that all records that O'Steen gave Dr. Saltzman were included in Plaintiff's medical file which was given to Dr. Saltzman before his December 19, 2001, recommendation. Because Plaintiff has been provided a copy of his medical file, the Court finds that Defendants have adequately complied.

In his seventh request for production, Plaintiff requests the production of any and all documents provided to the Outside Review Committee regarding Plaintiff's medical care. In his Motion to Compel Plaintiff attempts to change the nature of his original request to ask for documents prepared by the Outside Review Committee. Defendants respond by stating that all documents are included in Plaintiff's medical file. The Court finds Defendants have properly responded to this request.

In his eighth request for production, Plaintiff requests copies of the tele-med conference that was scheduled between Plaintiff and Defendant Saltzman on December 18 or 19, 2001. Defendants respond that no video record exists and that the only record of the conference is memorialized in Dr. Saltzman's report. That report is part of Plaintiff's medical file. This Court finds that Defendants have complied with this request adequately.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (document # 91) is **GRANTED in part** and **DENIED in part**. The motion is denied except as is specifically ordered hereinafter.

**IT IS FURTHER ORDERED** that Plaintiff's request for oral argument on this Motion to Compel is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Defendant Stewart shall respond to Plaintiff's interrogatory #2 to the extent that he shall provide complete information regarding his post-high school education on or before **April, 25, 2004.**

**IT IS FURTHER ORDERED** that Defendants shall produce all policies, directives, or written instructions to staff regarding medical services provided to inmates, to the extent it has not already been disclosed through Directive 1011, for the years January 1, 2000 to December 31, 2003, on or before **April 25, 2004.**

**IT IS FURTHER ORDERED** that Defendants shall submit the last known address of current or former ADOC employees, Terry L. Stewart, Richard L. Pratt, Dr. John O'Steen and Percy Howard, under seal with the Clerk of the Court on or before **April 25, 2004.**

**IT IS FURTHER ORDERED** that Defendants shall disclose to Plaintiff any and all Hepatitis C treatment written protocols and written directives which have been used by ADOC from January 1, 2000 to December 31, 2003, on or before **April 25, 2004.**

**IT IS FURTHER ORDERED** that Defendants shall produce all documents used in support of the sworn affidavit of Dr. John O'Steen on or before **April 25, 2004.**